# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY S. OSTERN,

                        Plaintiff,

v.                                                              Case No. 18-CV-99-JPS

JUDY P. SMITH, HANS KUSTER,
BRAD D. SCHIMEL, and JON                              **ORDER**
LITSCHER,

                        Defendants.

Plaintiff Gregory S. Ostern proceeds in this matter *pro se*. He filed a complaint in Dane County Circuit Court alleging that Defendants, prison officials at Oshkosh Correctional Institution ("Oshkosh"), have caused him harm. (Docket #1-1 at 7-13). Defendants removed the action to this Court on January 19, 2018, asserting its jurisdiction over Plaintiff's allegation that his federal constitutional rights were violated. (Docket #1 at 2). Simultaneously, Defendants moved the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Docket #2). That motion will be granted and the Court will proceed to screen the complaint.[1]

Section 1915A requires a court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).[2] The court must

---

[1]In the same motion, Defendants preemptively requested an extension of time to respond to the complaint, once screened. (Docket #2). Because the action is being remanded, that aspect of the motion will be denied as moot.

[2]Records from the Wisconsin Department of Corrections indicate that Plaintiff has been released from prison since the filing of this action. *See* Wisconsin Inmate Locator, *available at*: https://appsdoc.wi.gov/lop/home.do. Nevertheless,

dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its

---

because the case was filed while he was incarcerated, Section 1915A still applies. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was being investigated and/or punished for sexual misconduct while at Oshkosh. (Docket #1-1 at 11). On December 5, 2016, Defendant Hans Kuster ("Kuster"), a captain at Oshkosh, "sexual[ly] harassed me by drawing a sexual[ly] explicit picture of some type of

animal[']s face" on some paperwork Kuster was handling in connection with that misconduct. (Docket #1-1 at 8). He complained to the other Defendants who apparently did not sufficiently address Plaintiff's concern. *Id.* at 9-12. Plaintiff asserts that his action is one for "personal injury – other punitive damages, slander of my sexuality, degrading, humiliation, [and] cruel + unusual punishment." *Id.* at 10.[3]

The Eighth Amendment prohibits "cruel and unusual" punishment of prisoners. U.S. Const. Amend VIII. This statement has been interpreted to protect them from "unnecessary and wanton infliction of pain," *Christopher v. Bass*, 384 F.3d 879, 881 (7th Cir. 2004) (quotation omitted), from "deliberate indifference" to their "serious medical needs," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (quotation omitted), and from being subjected to conditions of confinement which "deprive [the prisoner] of the minimal civilized measure of life's necessities." *Goetsch v. Ley*, 444 F. App'x 85, 89 (7th Cir. 2011) (quotation omitted). Plaintiff's allegations do not implicate any of these concerns. *See Christopher*, 384 F.3d at 882 (giving examples of valid claims such as exposure to raw sewage, amputation of limbs by defective machinery, and attacks from other inmates); *Snipes*, 95 F.3d at 591 (removing a toenail without anesthetic did not evince deliberate indifference to a serious medical need); *Goetsch*, 444 F. App'x at 89 (four months in segregation was not cruel and unusual, in light of precedent holding that three years was not excessive). In other words, assuming he is correct that Kuster drew a sexually suggestive picture, this does not rise to

---

[3]Plaintiff thus vaguely invoked the Eighth Amendment, providing a basis for removal.

a level of constitutional concern.[4] Instead, this is at best an action for some

[4]The Court disagrees with his interpretation, in any event. The offending picture is as follows (lower-right portion of the document):

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-73 (Rev. 10/2014)

WISCONSIN
Administrative Code
Chapter DOC 303

Exhibit I.

Page 20524

Page 2

**INMATE'S REQUEST FOR ATTENDANCE OF WITNESS/EVIDENCE**

INSTRUCTIONS: If you would like the staff member who wrote the Conduct Report to be present at your hearing, you must include his or her name below as a requested witness.

DATE RECEIVED BY STAFF / STAFF INITIALS: ID / 11/30/2016

INMATE NAME (Last, First): Ostern Gregory | DOC NUMBER: 199271 | FACILITY NAME: OSCI | CONDUCT REPORT #: 2829561

I understand that I can only call two witnesses in addition to the reporting staff member. I request that these persons be present at my contested major disciplinary hearing.

NAME OF WITNESS: CO Pamperin — Officer working that night

WITNESS STATUS: ☐ Offender ☑ Other

RELEVANCE OF TESTIMONY: That He did not see me Preforming Any inAPropreate behavior And Questions That I could of been cleaning or Picking up something

NAME OF WITNESS: Samaul Lewis K-Building Lead Rec worker

WITNESS STATUS: ☑ Offender ☐ Other

RELEVANCE OF TESTIMONY: Playcards or chess + when I do report to coordiPoint I always Leave from and she asked me to work that night because someone had A visit That's not my normal Place of work + many people sit on the yellow crate

☑ I'M REQUESTING REPORTING STAFF MEMBER TO ATTEND. NAME OF REPORTING STAFF MEMBER

EVIDENCE REQUESTED TO BE PRESENT AT HEARING: Tshirt

RELEVANCE OF EVIDENCE: How Can you tell that someone Has sat on it?

INMATE SIGNATURE: Greg Osten | DATE SIGNED (mm/dd/yyyy): 11-29-16

REVIEWING STAFF DECISION
☑ REQUESTED WITNESS(ES) WILL BE SCHEDULED TO ATTEND
☐ THE FOLLOWING WITNESS(ES) WILL NOT ATTEND

| NAME OF WITNESS | REASON FOR NOT ATTENDING | WILL GIVE STATEMENT |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

☐ ALL EVIDENCE WILL BE ALLOWED
☑ THE FOLLOWING EVIDENCE WILL NOT BE ALLOWED

| EVIDENCE | REASON FOR NOT ALLOWING EVIDENCE |
|---|---|
| Tshirt | Conduct Report does not talk about one specific Tshirt, references a "stack of Tshirts" |

PRINT NAME OF REVIEWING STAFF: Capt Kuster | DATE (mm/dd/yyyy): 12/1/16

DISTRIBUTION: Original – Social Service File; Copy – Security; Copy – Representative; Copy – Inmate

Drawing
State worker Drew (SDC)

The "picture" is in fact merely punctuation: a combination of a period, quotation marks, and either an ill-placed parenthesis, or an attempt to note the end of the particular line of text. No animal, much less a sexually suggestive one, is depicted.

form of infliction of emotional distress, which is a matter of state, not federal, law.

Plaintiff's claim for relief under the Eighth Amendment must be dismissed. No federal claims remain, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim(s) (assuming, without deciding, that any are validly stated). 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009). The case must, therefore, be remanded to the Circuit Court of Dane County for any further proceedings.

Accordingly,

**IT IS ORDERED** that Defendants' motion for a screening order (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion for an extension of time to respond to the complaint (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for cruel and unusual punishment pursuant to the Eighth Amendment be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the Dane County Circuit Court.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge